```
              UNITED STATES DISTRICT COURT

           FOR THE EASTERN DISTRICT OF LOUISIANA
```

JULIE C. TREADWAY, ET AL.                      CIVIL ACTION

Versus                                         NO.: 11-2965

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.     SECTION: "F"

## ORDER & REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.

## **Background**

This case arises out of a dispute over insurance payments for plaintiffs' stolen and burned pickup truck. The plaintiffs purchased the vehicle in September 2010 for $48,625, using a combination of cash and loans from Capital One Bank. The plaintiffs took out an insurance policy on the vehicle with State Farm, insuring for, among other contingencies, property damage. The State Farm policy ran for six months, from March 15, 2011 through August 8, 2011.

In early May 2011, the pickup went missing. Plaintiffs presumed the truck stolen and reported the suspected theft to the Plaquemine Parish Sheriff's Office. The vehicle was located on the same day, burned, on the levee. The plaintiffs filed a claim with State Farm in late June 2011. The plaintiffs listed the amount of the loan balance on the truck as being $31,359. According to plaintiffs, State Farm has neither denied, nor paid the claim.

Plaintiffs sued State Farm in state court on November 22, 2011, seeking what plaintiffs claim State Farm has wrongfully failed to pay in connection with the theft and damage of the pickup.  In their petition, plaintiffs allege that State Farm breached its duties of good faith and fair dealing under Louisiana Revised Statutes 22:1973 and 22:1892.  Plaintiffs state in the petition that

> when such failure is found to be arbitrary, capricious, or without probable cause, it shall subject the insurer to penalties including but not limited to the amount of the loss, fifty percent damages or more on the amount found to de due from the insurer to the insured, as well as reasonable attorney fees and costs.

Plaintiffs accuse State Farm of "willfully and wantonly failing to properly investigate and evaluate the claim and either pay it or deny it."  Plaintiffs further assert that State Farm's "actions have been arbitrary, capricious, and without probable cause."  Plaintiffs request in their petition "the maximum in penalties allowed by Louisiana law, plus all attorneys' fees and court costs."  The plaintiffs also list the following types of damages that they assert they suffered as a result of State Farms actions and inactions:

> loss of monies continuing to be paid to the lienholder; past, present and future emotional distress, both intentional and negligent; past, present and future mental anguish; loss of enjoyment of life; any and all other damages which will be proved with particularity at the time of trial.

State Farm removed the case to this Court on December 2, 2011, invoking the Court's diversity jurisdiction. Plaintiffs now move to remand, arguing that the amount in controversy falls below the required $75,000.

## II. Discussion

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiffs from petitioning for a specified amount. See La. Code Civ. P. art. 893(A)(1). The plaintiffs' petition, in conformity with Louisiana law, is silent regarding the amount of damages. When the plaintiffs have alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiffs' claims likely exceed $ 75,00 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

When the dispute concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy, plus any penalties allowed by state law. Buras v. Birmingham Fire Insurance Co. of Penn., 327 F.2d 238, 238-39 (5th Cir. 1964).

If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $ 75,000. De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995). The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $ 75,000 or that the plaintiffs are somehow "bound irrevocably" to an amount under the federal jurisdiction limit. Id. at 1412.

In Louisiana, a plaintiff wishing to prevent removal must affirmatively renounce the right to accept a judgment in excess of $ 75,000 in its state court pleadings or a stipulation filed with the complaint. See La. Code Civ. Proc. art. 862; Davis v. State Farm Fire & Cas., 2006 U.S. Dist. LEXIS 37226, 2006 WL 1581272, at *3 (E.D. La. 2006).

The Court finds that State Farm has proved by a preponderance of the evidence that the damages in this case could exceed $75,000. The Court notes that plaintiffs have not stipulated that their damages would be less than $75,000 (nor have they apparently offered to settle their claims for less than

$75,000).

State Farm asserts that it has valued the plaintiffs' truck at $39,819. State Farm also asserts that under L.R.S. 22:1892, the Court could possibly award a penalty equal to fifty percent of the truck's value. That statute provides:

> (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

L.R.S. 22:1892(B)(1). State Farm calculates that this would lead to a combined damages amount just below $60,000 ($39,819 for the vehicle plus $19,909 in penalties). But plaintiffs have also alleged damages for "loss of monies, including monies continuing to be paid to the lienholder." State Farm pegs the monthly loan

payments at $583 per month, which would total $4,662 since May 2011, when the plaintiffs' truck was stolen and burned.  This is assuming that the plaintiffs seek only the value of payments they have made since the truck was stolen.  The total amount outstanding on the loan is $31,358, and the plaintiffs may try to recover more than the $4,662 they paid since May.  State Farm also points out, correctly, that the plaintiffs' generic claim for past, present and future emotional distress, both intentional and negligent; past, present and future mental anguish, and loss of enjoyment of life would push the amount well over $75,000.  If plaintiffs truly seek less than $75,000, then they should let defendant know that in a credible way.  But, on this record, this Court has diversity jurisdiction.

    Accordingly, IT IS ORDERED: the plaintiffs' motion is DENIED.

New Orleans, Louisiana, January 25, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE